IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN ROACH                                                                                              PLAINTIFF
*On behalf of*
B.L.C.R., A MINOR

vs.                                           Civil No. 6:12-cv-06092

CAROLYN W. COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

John Roach[1] ("Plaintiff") brings this action on behalf of B.L.C.R., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying B.L.C.R.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed an SSI application on behalf of B.L.C.R. on June 18, 2009. (Tr. 11, 101-103). With this application, Plaintiff alleges B.L.C.R. is disabled due to a Attention Deficit

---

[1] John Roach filed a separate application for one of his other children in case number 6:12-cv-06056. The Court has already addressed that appeal and affirmed the decision of the SSA. That appeal is not before the Court.

[2] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Disorder ("ADD") and Attention Deficit Hyperactivity Disorder ("ADHD"). (Tr. 111). Plaintiff alleges B.L.C.R.'s onset date was May 5, 2002. (Tr. 11, 111). This application was denied initially and again upon reconsideration. (Tr. 58-59).

Thereafter, Plaintiff requested an administrative hearing on B.L.C.R.'s application, and this hearing request was granted. (Tr. 72-85). An administrative hearing was held on June 14, 2010 in Hot Springs, Arkansas. (Tr. 29-57). Plaintiff was present and was represented by Sherri McDonough at this hearing. *Id.* Plaintiff and Plaintiff's wife (B.L.C.R.'s stepmother) testified at the hearing in this matter. *Id.*

On October 19, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of B.L.C.R. (Tr. 11-24). In this decision, the ALJ determined B.L.C.R. was born on May 5, 2000 and was a school-aged child on her application date and was currently a school-aged child. (Tr. 14, Finding 1). The ALJ determined B.L.C.R. had not engaged in Substantial Gainful Activity ("SGA") since her application date. (Tr. 14, Finding 2). The ALJ determined B.L.C.R. had the following severe impairments: Attention Deficit Hyperactivity Disorder ("ADHD") and Oppositional Defiant Disorder ("ODD"). (Tr. 14, Finding 3). The ALJ also determined, however, that none of B.L.C.R.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 14-24, Findings 4-5).

In assessing whether B.L.C.R.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 15-24, Finding 5). Specifically, the ALJ determined B.L.C.R. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending

2

and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than marked limitation in the ability to care for herself; and (6) no limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined B.L.C.R. had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of his decision. (Tr. 24, Finding 6).

Thereafter, on November 10, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On May 30, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 11, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 19, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed his application in 2009, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must

consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.     Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred in finding B.L.C.R. did not have an extreme[3] limitation in interacting and relating with others and a marked limitation in acquiring and using information and attending and completing tasks; (B) the ALJ erred in discrediting the opinions and findings of psychiatrist Dr. Kenneth Vest and Tasha Hart; and (C) the ALJ erred in discrediting the results from the integrated visual and auditory continuous performance test. ECF No. 11 at 1-20. In response, Defendant argues the ALJ properly determined B.L.C.R.'s impairments did not meet, medically equal, or functionally equal the requirements of any of the Listings. ECF No. 12. The Court will evaluate all of Plaintiff's arguments.[4]

**A.     Functional Equivalence**

As noted above, to determine whether a child's impairments are functionally equivalent to a Listing, the SSA considers the following six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). Plaintiff claims B.L.C.R. has an extreme limitation in the third domain and a marked limitation in first and second domains. ECF No. 11. Accordingly, the Court will only address the first three domains.[5]

---

[3] Plaintiff actually claims B.L.C.R. has a "severe" limitation in this domain of functioning. Presumably, based upon the applicable legal standard, Plaintiff intended to argue this was an "extreme" (not "severe") limitation. Accordingly, the Court will substitute the word "extreme" for "severe."

[4] Plaintiff's third argument regarding the "integrated visual and auditory continuous performance test" will be addressed as a part of the first argument. Thus, it will not be addressed separately.

[5] Later in his briefing, Plaintiff also references the domains of "caring for yourself" and "health and physical well-being." ECF No. 11 at 14-15. Plaintiff states that B.L.C.R. "has limitations" in these domains but does not even specify the *level* of those limitations (whether less than marked, marked, or extreme). *Id.* Indeed, the ALJ even found B.L.C.R. had "limitations" in these domains but not "marked" limitations. Accordingly, due to the lack of specificity, the Court will not address these domains.

### 1. Acquiring and Using Information

The ALJ determined B.L.C.R. has a less than marked limitation in this domain of functioning. (Tr. 17-18). Plaintiff disputes this finding and argues that the results from an "IVA+Plus Comprehensive General Interpretive Report" and one progress note from Community Counseling Services, Inc. support his claim that B.L.C.R. has a marked limitation in this domain of functioning. ECF No. 11 at 10.

First, the Integrated Visual and Auditory ("IVA+Plus") Comprehensive General Interpretive Report is an undated report included in the record. (Tr. 311-331). In his opinion, the ALJ discounted the findings from this report and noted the following:

> The results of an Integrated Visual and Auditory Continuous Performance Test report dated June 29, 2010 are also given little weight. (Exhibit 10F.) This report states that the findings are automated and does not contain the name or signature of an examiner. (Id.) Additionally, the form does not state where the test was administered, who administered it, or why the test was conducted. (Id.) Roach testifies that the test was performed at Community Counseling and was administered by Linn Terry. [B.L.C.R.'s] attorney was asked at the hearing to look into the background of the report and provide a foundation for its addition to the record; however, no further information on this report was ever received. Therefore, little weight is given to the findings of the Integrated Visual and Auditory Continuous Performance Test report from June 2010.

(Tr. 16).

Plaintiff claims the ALJ should have given the findings from this report more weight. ECF No. 11 at 17-19. Specifically, Plaintiff claims the ALJ "knew this test was performed at Community Counseling, Inc.," and Plaintiff references the introduction to the report to demonstrate the report is credible. *Id.* Finally, Plaintiff claims the ALJ was required to consider this report, even if he did not find it credible. *Id.* Despite Plaintiff's claim, the ALJ *did consider* this report in his opinion. (Tr. 16). After considering it, the ALJ assigned it "little weight" based upon the findings stated

above. *Id.* Based upon these facts, the Court finds no support for Plaintiff's claim that the ALJ improperly considered this report.

Second, in support of his claim that B.L.C.R. has a marked limitation in this domain of functioning, the ALJ references one treatment record from Community Counseling Services, Inc. dated from the week of August 9, 2010 until August 13, 2010. (Tr. 689-690). Although part of this record demonstrates B.L.C.R. had some behavioral problems during that week, the therapist also noted during that week that B.L.C.R.'s behavior was entirely normal: "Client interacted well with staff and peers. Client followed directions, maintained the appropriate mood, and encouraged others to use positive bx. Client completed all tasks without direction." (Tr. 689). Accordingly, based upon this information, the Court finds the ALJ's determination that B.L.C.R. has a less than marked limitation in this domain of functioning is supported by substantial evidence.

### 2.     Attending and Completing Tasks

The ALJ determined B.L.C.R. has a less than marked limitation in this domain of functioning. (Tr. 19-20). Plaintiff disputes this finding and argues that B.L.C.R. has a marked limitation in this domain of functioning. ECF No. 11 at 10-11. In support of this claim, Plaintiff references B.L.C.R.'s treatment records from Community Counseling, Inc. during which time B.L.C.R. was found to be "hyperactive" and needing "redirection." (Tr. 368, 672, 675-677, 689-690, 695).

The records from Community Counseling, Inc. also demonstrate, however, that B.L.C.R.'s behavior improved with treatment and parental involvement. Indeed, during the week July 16, 2010, B.L.C.R.'s father (Plaintiff in this action) was contacted because B.L.C.R. had been exhibiting behavioral problems. (Tr. 676). After he was contacted, B.L.C.R.'s behavior improved dramatically:

8

> Staff praised client for her bx during this time. Client followed staff direction on the 1-2 prompt, client interacted well with peers. Staff and client spoke on positive bx and change in her attitude since her father had been called. Client agreed that involving her parents and talking to them had helped her to wanna have more positive bx. Staff will continue to meet with client as needed.

*Id.*

Further, in his opinion, the ALJ noted that with regard to this domain of functioning, B.L.C.R.'s teachers reported only observing relatively mild limitations: "slight problems with carrying out multi-step instructions and completing class and homework assignments, as well as an obvious problem with organization (See Exhibit 4E and Exhibit 9E). Yet, Anthony [B.L.C.R.'s teacher] states that [B.L.C.R.], 'could do a lot of the work correctly if she slowed down and thought about it first,' commenting that she was more focused and less hyper when she took her ADHD medications." (Tr. 19). Based upon these facts, the Court finds no basis for reversing the ALJ's determination that B.L.C.R. has less than a marked limitation in this domain of functioning.

### 3. Interacting and Relating with Others

The ALJ determined B.L.C.R. has a less than marked limitation in this domain of functioning. (Tr. 20-21). Plaintiff disputes this finding and argues that B.L.C.R. has an extreme limitation in this domain of functioning. ECF No. 11 at 11-14. Again, Plaintiff references several treatment records from Community Counseling, Inc. to support his claim that B.L.C.R. suffers from an extreme limitation in this domain of functioning. (Tr. 349-350, 353, 356-358, 362, 364, 366, 370, 372, 396, 443, 448, 452, 463, 473, 475, 479, 545, 671, 677, 681). Primarily, these records state that B.L.C.R. had problems interacting with peers, yelling and screaming, exhibiting anger, and throwing tantrums. *Id.*

In his opinion, the ALJ considered these records from Community Counseling, Inc. (Tr. 21). The ALJ, however, also noted that the reports from B.L.C.R.'s teachers indicated B.L.C.R. does not

9

suffer from a marked or extreme limitation in this domain of functioning:

> [B.L.C.R.'s] teachers report that she has only a slight problem playing cooperatively with children and in her ability to seek attention, express anger, and ask permission appropriately. (See Exhibit 4E and Exhibit 9E). They also note that she has problems making and keeping friends. (See Id.) However, they additionally assert that B.L.C.R. does not require the implementation of behavior modification strategies. (See Id.) In fact, Anthony [B.L.C.R.'s teacher] states that, "[a]s long as she took her ADHD meds, [B.L.C.R.] was capable of behaving as well as her peers."

Plaintiff does not provide a basis for disregarding the findings of B.L.C.R.'s teachers. ECF No. 11 at 11-14. Accordingly, based upon these facts, the Court finds the ALJ's determination that B.L.C.R. has less than a marked limitation in this domain of functioning is supported by substantial evidence in the record, and Plaintiff has offered no basis for reversal on this issue. Further, because Plaintiff has not demonstrated the ALJ erred when he found B.L.C.R. did not have a marked or extreme limitation in any of these domains of functioning, the Court finds Plaintiff has also not demonstrated B.L.C.R.'s impairments are functionally equivalent to the Listings.

### B.    Dr. Kenneth Vest and Tasha Hart

Plaintiff claims the ALJ improperly discredited the "opinions and findings of community counseling psychiatrist Dr. Kenneth Vest and Tasha Hart." ECF No. 11 at 17-20. Although Plaintiff includes "psychiatrist Dr. Kenneth Vest" in his argument header, Plaintiff only addresses the findings of Tasha Hart. *Id.* In his opinion, the ALJ fully considered the opinions and findings of Ms. Hart but discounted them because she was "not a certified psychologist" but was only a "licensed professional counselor." (Tr. 16).

In his briefing, Plaintiff disputes the ALJ's finding that Ms. Hart's opinions should be given little weight. ECF No. 11 at 15-17. Plaintiff also refers to Ms. Hart as a *"licensed psychologist"* in his briefing. *Id.* Presumably, Plaintiff is arguing that Ms. Hart's opinions should be given the weight of a licensed psychologist. *See id.* However, Ms. Hart *is not* a licensed psychologist but is

instead an "LPC" or "licensed professional counselor." *See, e.g.,* Tr. 449.  Thus, the Court finds no basis for reversing the ALJ's determination that her opinions should be afforded the weight of a licensed professional counselor.  Further, even if Plaintiff had properly characterized her as a licensed professional counselor, Plaintiff still has offered no basis for reversal on this issue.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of B.L.C.R. is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of May 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE